STATE, EX REL. WOLF, v. FRED. S. SPIEGEL (COMMON PLEAS JUDGE).

1. AFFIDAVITS CANNOT BE MADE PART OF BILL OF EXCEPTIONS, WHEN—JUDICIAL DISCRETION NOT CONTROLLED BY MANDAMUS.

Affidavits in support of a motion for new trial filed by the plaintiff in an action with the clerk of courts, but not presented to the court upon the hearing of the motion, and of which the court has no knowledge, cannot be embodied into or made a part of a bill of exceptions, and if attached thereto or embodied therein the bill of exceptions is not a true bill and may properly be rejected by the court when presented to him for signing and allowance.

2. COURT MAY DISMISS PETITION IN MANDAMUS ON PLEADINGS, WHEN.

A petition in mandamus to compel a court to sign and allow a bill of exceptions may be dismissed on the pleadings when respondent answers that the bill referred to is not a true bill, that an amended bill of exceptions was filed with the clerk by the defendant, and that respondent judicially determined the latter to be the true bill and signed and allowed the same, where such answer is not denied by reply of the relator.

MANDAMUS.

Galvin & Bauer and Dempsey & Fridman, for relator.

Charles W. Baker, contra.

## GIFFEN, J.

The relator in her petition avers that she filed a true bill of exceptions with the clerk of the court in the case of Carrie Wolf against Sarah Marmet and others, and that the clerk transmitted the bill to the respondent, the trial judge in the case, who returned the same to the clerk unsigned, unindorsed and unallowed, and the relator prays that the respondent be compelled by mandamus to allow and sign the relator's said full, complete and true bill of exceptions in said case against Sarah Marmet and others.

The respondent, by answer, says that the bill of exceptions so filed

with the clerk was not a true bill, and that an amended bill of exceptions was filed with the clerk by the defendants in the cause, and the respondent judicially determining that the latter was a true bill, signed and allowed the same. This is not denied by any reply, and upon the pleadings therefor the respondent would be entitled to have the petition of the relator dismissed. But assuming that the allegation in the answer was denied, the question arises whether affidavits filed with the clerk of the court upon a motion for a new trial and not presented to the court upon the hearing should be embodied in the bill of exceptions. The object of filing the affidavits with the clerk before the hearing is to give the adverse party an opportunity to prepare and file before the hearing counter-affidavits, neither of which are a part of the record of the cause. The party so filing the affidavits may elect before the hearing not to present the affidavits to the court, and if offered as evidence the adverse party may object on the ground that they are not properly executed, or that the statements therein are mere conclusions of law, or that the facts stated are irrelevant to the issue. If the objection is sustained by the court and the affidavits ruled out, the party is not entitled to have them attached even then, to a bill of exceptions, unless he excepts to the ruling of the court in excluding them. The affidavits not being presented to the court, the court having no knowledge that the same were filed with the clerk, and rightly declaring the bill of exceptions containing such affidavits not to be a true bill and the respondent having answered that he signed a true bill of exceptions in the cause, this court cannot interfere with his discretion in the premises. State v. Hawes, 43 Ohio St. 16 [1 N. E. Rep. 1].

The petition of the relator will be dismissed.